**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TARA REYNOLDS,

      Plaintiff,

vs.                                 CASE NO. 8:05-CV-1966-T-17-TGW

GABLES RESIDENTIAL SERVICES, INC.
and JOYCE CHAND, also known as Joyce
Michaels,

      Defendants.
_____/

## ORDER

This cause is before the Court on Defendant GABLES RESIDENTIAL SERVICES, INC.'s Motion to Dismiss (Docket No. 17), filed on December 19, 2005. On December 27, 2005, the Plaintiff filed a Response in Opposition to Defendants' Motion (Docket No. 19).

### BACKGROUND

Plaintiff, TARA REYNOLDS ("Reynolds"), filed a two count complaint on October 21, 2005 (Docket No. 1) alleging that the Defendants, either together or separately, violated the consumer protections of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). These statutes prohibit, among other things, abusive, deceptive, and unfair practices in the collection of consumer debt. FDCPA is codified in 15 U.S.C. § 1692, and FCCPA is codified in Fla. Stat. § 559.55 - 559.785.

This Court has jurisdiction over the federal claims in this case pursuant to 15 U.S.C. § 1692(k)(d) and 28 U.S.C § 1337(a), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367. This Court may consider and grant declaratory relief to the parties under 28 U.S.C. §§ 2201 and 2202. For the purposes of resolving the present motion, the Court accepts as true the following factual allegations.

**CASE NO. 8:05-CV-1966-T-17-TGW**

In August 2005, Reynolds discovered through a search of her credit report that an unpaid account had been turned over for collections and reported as delinquent to the credit bureaus. The debt was reported by Ideal Collection Services, Inc. ("Ideal") on behalf of Gables Residential Services, Inc. ("Gables") and Hillsborough West Park Villages II Apartments ("West Park"), and it allegedly arose from a residential apartment lease. Reynolds tried on several occasions to resolve the credit issue by oral communications with Nancy Lake ("Lake") at Ideal. She received written correspondence from Ideal through its employee, Joyce Chand ("Chand"), after providing an address at which Reynolds could be reached. Unable to resolve the credit issues herself, Reynolds instituted the suit at bar to collect damages available under the statutes for alleged violations of FDCPA and FCCPA.

On December 9, 2005, Reynolds sought the voluntary dismissal of Defendants Ideal and Lake. Subsequently, Reynolds was allowed to amend her complaint to correct the name of defendant Joyce Chand, also known as Joyce Michaels. Thus, only the Defendant Gables and the Defendant Chand remain in this case. Defendant Gables Residential Services, Inc. moved to dismiss the complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket No. 17)

## STANDARD OF REVIEW

Rule 12(b)(6), FED. R. CIV. P., authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the proponent can prove no set of facts that support a claim upon which relief can be given. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *St. Joseph's Hospital, Inc. v. Hospital Corp. of America*, 795 F.2d 948, 954 (11th Cir. 1986). In evaluating a motion to dismiss on its merits, courts must limit their consideration to the pleadings and attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). The threshold of sufficiency that a complaint must meet to

**CASE NO. 8:05-CV-1966-T-17-TGW**

survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## DISCUSSION

### I. Attachment of Lease to Defendant Gables' Motion to Dismiss

Gables supports its motion with the attachment of several documents, including the Lease Agreement between Gables and Reynolds, and a Notice of Claim for past due rent allegedly sent to Reynolds. Reynolds attacks the attachment of these documents on the grounds that: (a) courts normally must limit its consideration to the pleadings and subsequent attachments, (b) the documents attached by Gables are unsworn and not public records, (c) the documents are not integral to the complaint, (d) that portions of the documents are incomplete or unreadable, and (e) that supplemental exhibits attached to a motion to dismiss should not be considered where they are incomplete or inconclusive.

The attachment by Gables of the Lease Agreement and Notice of Claim is permitted in this circuit. See *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 n. 16 (11th Cir. 1999), *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). These cases clearly support the notion that a party may attach documentation or exhibits to its motion to dismiss without converting the motion into one for summary judgment. *Bryant*, 187 F.3d at 1281. In dispute in this case, but more particularly in the pending motion, is the status of Gables as a debt collector and whether or not Gables is subject to the FDCPA and/or FCCPA.

Reynolds would have this Court believe that there is a certain minimum number of mentions of a document that must be made by a plaintiff before a defendant is permitted to attach such a document to his motion to dismiss. To the contrary, the primary consideration of this Court in evaluating the efficacy of Gables' exhibits to its motion to dismiss is whether or not the documents are referred to in the plaintiff's complaint, are central or integral to the plaintiff's claim, and undisputed. *Bryant*, 187 F.3d at 1281. The Lease Agreement and Notice of Claim attached by Gables in its Motion describe the relationship of parties integral to the resolution of Reynolds' claims. The relevant portions of the exhibits which describe those important relationships are not incomplete or inconclusive. Moreover, Reynolds does not dispute the

**CASE NO. 8:05-CV-1966-T-17-TGW**

authenticity of the Lease Agreement, only its incompleteness and status as an unsworn document. Indeed, Reynolds makes mention of the Lease Agreement in her complaint. Complaint, ¶ 12. The Lease Agreement was clearly initialed and signed by Reynolds at several points. The Court is not persuaded that the Lease Agreement and Notice of Claim rise to the level of incompleteness nor inconclusiveness that would justify dismissing them altogether.

Reynolds must have been aware of the Lease Agreement's existence because she initialed and signed portions thereof. Her decision not to attach the Lease to her complaint must not be used as a means of preventing the examination of the Lease Agreement during the Court's consideration of Gables' motion. Therefore, the Court concludes that the exhibits attached by Gables are central to Reynolds' claims, are undisputed, and are available for consideration of the present motion.

**II. Gables' Status as a "Debt Collector"**

Gables argues that because it is not a debt collector, it is not liable under the unlawful conduct provisions of the FDCPA. It further alleges that in her complaint, Reynolds made no allegations of unlawful conduct in violation of the FDCPA by Gables or its representatives. Reynolds responds that Gables' status as a debt collector is unclear based upon the pleadings and exhibits offered to the Court. Specifically, Reynolds claims that Gables meets the definition of debt collector in the FDCPA and corresponding case law. Reynolds directs the Court to the language of *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 716-717 (M.D. Fla. 1997), wherein the court held that the term "debt collector" as used in the FDCPA includes "any person...who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

While Gables would appear on the surface to meet the statutory definition of a debt collector as cited in *Seibel*, Reynolds neglects the exclusionary language of 15 U.S.C. § 1692(a)(6)(F), wherein the FDCPA, in pertinent part, specifically excludes as a debt collector:

> Any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or bona fide escrow arrangement; (ii) concerns a debt which

**CASE NO. 8:05-CV-1966-T-17-TGW**

>was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

It is clear from an examination of the Lease Agreement and the general relationship between a community manager and property owner that Gables had a fiduciary relationship and obligation to West Park, and/or its owners, to manage the apartment property and collect monthly rent. The rent and fees owed by Reynolds to Gables were not in default until they were past due, at which time the past due balance was referred by Gables to a third-party collection agency. Gables not only had a right but indeed a fiduciary obligation to collect rent and corresponding fees from tenants in West Park. The monies due by Reynolds were payable to Gables not as a debt collector but as Manager of the property.

Therefore, this Court finds that Gables is not a debt collector within the meaning of the term in 15 U.S.C. § 1692(a)(6)(F). Reynolds cannot maintain her FDCPA claim against Gables.

**III. Supplemental Claim Under the FCCPA**

Under 28 U.S.C. § 1367(a), while the Court could retain jurisdiction over a state law claim after dismissal of the federal component, the Court has discretion to decline to do so. *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994), *cert. denied*, 512 U.S. 1207 (1994), *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1568 (11th Cir. 1994). While Gables may be subject to liability under Fla. Stat. § 559.72 for actions it took as a person or entity collecting consumer debts, Gables still does not meet the statutory definition of a debt collector under Florida law. The language of Fla. Stat. § 559.55(6)(f) defining a debt collector in Florida mirrors the language defining a debt collector in the FDCPA. After consideration of the Court's previous holding in a similar case, *Craig v. Park Financial*, 390. F. Supp. 2d 1150 (M.D. Fla. 2005), the state law claims against Gables should also be dismissed. Reynolds may properly raise her FCCPA claims in state court.

**IV. Attorneys Fees**

**CASE NO. 8:05-CV-1966-T-17-TGW**

Gables has asked this Court to award it attorney's fees arising from its participation to date as a defendant in this case. Gables cites only broadly to 15 U.S.C. § 1692(k) in support of its request for fees. The Court finds nothing in the statute that justifies awarding Gables its attorney's fees or costs associated with this litigation. Therefore, Gables' request for attorney's fees is denied.

## CONCLUSION

The attachment of the Lease Agreement and supporting documentation to Gables' Motion to Dismiss (Docket No. 17) was permissible under case law in this Circuit. Gables does not meet the statutory definition of a debt collector under either the FDCPA or the FCCPA, and the Court declines to exercise supplemental jurisdiction over Reynolds' FCCPA claims. Gables request for an award of attorney's fees is not supported by the FDCPA or relevant case law. Accordingly, it is

**ORDERED** that Defendant GABLES RESIDENTIAL SERVICES, INC.'s Motion to Dismiss (Docket No. 17) be **GRANTED**, that GABLES RESIDENTIAL SERVICES, INC. be **DISMISSED** from this action, and that its request for an award of attorney's fees and costs be **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 26th day of April, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record